CARLOS MIGUEL RAMÍREZ ACOSTA, Appellant, *v.* THE REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1309. Submitted May 3, 1954.—Decided December 29, 1954.

*Carlos García Méndez* for appellant. The Registrar appeared by brief.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

At the request of the appellant, the Registrar of Property of San Germán issued a certificate stating the following:

First, there was recorded in favor of the Municipality of San Germán the *possession* of a certain tract of land consisting of 341 sq. meters, from which 165.50 sq. meters were. segregated, leaving 175.15 sq. meters still remaining recorded in favor of the Municipality.

Second, the Municipality "acquired" the original tract of 341 sq. meters by virtue of a certified statement, dated April 8, 1914 and executed by the Secretary of the Municipality, in which it was alleged that the Municipality had been in possession of the said lot as owner in the so-called outskirts of the town, for more than thirty years, quietly,

pacifically, and publicly—Article 36 of the Regulations for the Execution of the Mortgage Law—without stating the name of the person or corporation from whom the Municipality "acquired" the lot.

Third, that the use of the said tract of 175.15 sq. meters is now recorded by cession in favor of Carlos Miguel Ramírez Acosta, the appellant in this case; that the Municipality and Ramírez requested the recordation of a corrected measurement of the said lot to show that, as a result of a measurement made thereof, it consisted of 333.60 sq. meters; that it was recorded as to the original measurement of 175.15 sq. meters plus 20 per cent as excess; and that recordation of the remaining amount, or 123.42 sq. meters, was denied as exceeding 20 per cent of the original as it was not recorded in favor of the Municipality or any other person.

The Registrar refused to record for the entire amount of 333.60 sq. meters a deed entitled "Correction of Measurement", which was executed by the Mayor of San Germán and the appellant, who was the successor in interest of the person who had been originally ceded the use of the lot in question by the Municipality.[1] This deed provided that, after citing the adjacent owners, an engineer measured the lot in question and it was found to contain 333.60 rather than 175.15 sq. meters. As pointed out in the above-described certificate of the Registrar, the latter recorded the said deed as to the original measurements plus 20 per cent, but refused recordation as to the excess above 20 per cent, which consisted of approximately 123 sq. meters. The appellant took this administrative appeal from the ruling of the Registrar.

It is true that in his certificate the Registrar states that the Municipality "acquired" the original tract. But according to the certificate the *possession* of the tract

---

[1] The appellant also presented to the Registrar the resolution of the Municipal Assembly authorizing the Mayor to execute the said deed and the certificate of the engineer who made the measurement. ....

is recorded in favor of the Municipality. From these somewhat conflicting terms of the certificate, we assume that the lot is recorded as in the possession of the Municipality.[2] This is a correct recordation. Articles 34, 36 and 38 of the Regulations refer only to possession, not title to land. Consequently, under these Articles the certificate of the Secretary of the Municipality, dated April 8, 1914, entitled the Municipality to a recordation of possession, but not of dominion title. I Morell, *Legislación Hipotecaria*, p. 512; V *id.*, p. 483; II Roca Sastre, *Derecho Hipotecario*, 442; I *id.*, p. 552.

If the Municipality were seeking in this case to correct the recordation of its *possession* to reflect the correct measurements, we might agree that the Registrar would be required to record a certificate filed with him to that effect by the proper municipal official.[3] That is to say, since recordation

---

[2] See, however, Article 393 of the Mortgage Law; Article 395, as amended by Act No. 96, Laws of Puerto Rico, 1937, on the question of dominion title.

[3] Article 36 reads as follows:

"In order to secure a record of possession, the head of the office having charge of the administration or custody of the estates to be recorded, provided that by virtue of his office he exercise public authority or has the power to certify, shall issue a certificate in duplicate, in which, with reference to the inventories or official documents in his possession, he shall state:

"First. The nature, situation, superficial area, boundaries, denomination, and real charges on the estates or rights which it is sought to record.

"Second. The legal character, value, conditions and encumbrances on the property right involved, and the character, location, boundaries and name of the estate subject to such property right.

"Third. The name of the person or corporation from which the real property or property right may have been acquired, if it appears.

"Fourth. The time the State, province, town or establishment has had possession, if it can be fixed exactly or approximately.

"Fifth. The public service or object to which the estate may be destined.

"If any one of these details can not be stated, the certificate shall set forth this fact and indicate the same.

"These certificates shall be drawn on official paper, and the rough draft thereof, duly rubricated, shall be made a part of the record of the case."

of possession of the lot could be obtained in the first instance with a simple certificate under article 36, perhaps the correction of the measurements thereof could likewise be accomplished in the same manner.[4]  But here the appellant is endeavouring to record a deed entitled "Correction of Measurement" executed by the Mayor and the appellant, which recites that the Municipality as "owner" of the lot and the appellant as grantee thereof jointly wish to record its measurements.  Apart from the fact that the said deed is not the certificate required by Article 36 of the Regulations, the Municipality could not obtain recordation of a dominion title to the original lot by a certificate under Article 36 of the Regulations.  By the same token, it cannot obtain recordation of dominion title in the excess by such a certificate.  For us to require the Registrar to record the deed herein would be in substance to permit the Municipality to obtain recordation of dominion title to the excess in a manner not authorized by the Mortgage Law or Regulations.  The Registrar therefore acted correctly on the question presented here.

The ruling of the Registrar will be affirmed.

<hr />

---

[4] Compare *P. R. Aqueduct Service* v. *Registrar*, 70 P.R.R. 216, with *Pérez* v. *Registrar*, 67 P.R.R. 907, *Estrada* v. *Registrar*, 65 P.R.R. 909, *Land Authority* v. *Registrar*, 62 P.R.R. 483, and *Municipality* v. *Registrar*, 40 P.R.R. 198.